UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIRSTEN A. STAPLES,<br><br>Plaintiff,<br>v.<br><br>STARBUCKS CORPORATION et al.,<br><br>Defendants. | CASE NO. 2:26-cv-01851-LK<br><br>ORDER OF DISMISSAL |

This matter comes before the Court sua sponte. On July 6, 2026, United States Magistrate Judge Brian A. Tsuchida granted pro se Plaintiff Kirsten Staples' application to proceed in forma pauperis ("IFP") and recommended that the Court screen the complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt No. 3. Having thoroughly reviewed the complaint, the record, and the applicable law, the Court dismisses Staples' complaint without prejudice.

## I. BACKGROUND

Staples is a resident of Georgia. Dkt. No. 4 at 4. Her 67-page complaint includes various allegations against approximately 48 unrelated Defendants. Specifically, she contends that she was "treated more harshly than other District Managers" when she worked for Defendant Aldi in

Missouri from 1999 to 2006. *Id.* at 9. Staples alleges that Aldi is an Illinois corporation. *Id.* at 5. She also raises allegations about her employment in Missouri with Defendant Starbucks from 2007 to 2008, and with Defendant Ogletree Deakins from 2011 to 2012. *Id.* at 9–10.

Staples' complaint also includes allegations about her employment with Defendant 22nd Circuit Court of Missouri, where she worked from 2009 and 2019. *Id.* at 10–11. She contends she "filed a timely charge of public accommodations discrimination based on disability under the ADA against Defendant 22nd Circuit with the [Missouri Commission on Human Rights ('MCHR')] between February 26, 2022 and March 03, 2022." *Id.* at 11. According to Staples, her charge is still open and the MCHR has mishandled it. *Id.*

In 2019, Staples filed a lawsuit under a pseudonym "against several judges of the 22nd Circuit under §1983 in the District Court for the Eastern District of Missouri," and that complaint was dismissed under Rule 12(b)(6). *Id.*; *see also Doe v. 22nd Circuit Court of Missouri*, 4:19-cv-00227-RLW (E.D. Mo. 2019) ("*Doe v. 22nd Circuit*"). Staples states that her "claims in this case involve some of the same conduct alleged in Doe v. 22nd Circuit, but [her] basis for suit here is materially different, in that here [she] is alleging that an employee/employer relationship existed between the 22nd Circuit Defendants for which they are not immune from suit." *Id.* Staples' complaint also includes allegations about two quiet title actions she filed in Missouri in 2020 and 2025 related to real property in that state. *Id.* at 12.

Staples' first claim asserts a claim for employment discrimination by Starbucks under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII"), purportedly based on events that occurred in 2008 (a layoff) and in 2025 (a non-selection for a position in Florida). *Id.* at 12–13, 65. Her second and third claims assert employment discrimination and harassment against the 22nd Circuit Court in Missouri and that court's judges and employees in violation of Title VII. *Id.* at 13–25. In what she titles her fifth count, Staples

asserts public accommodation discrimination against the 22nd Circuit. *Id.* at 25–26. Staples also asserts discrimination and retaliation by the MCHR and one of its employees, *id.* at 26–27, and retaliation by the Missouri Attorney General, *id.* at 27–28. Next, she alleges "sex-plus discrimination in the provision of services by a federal contractor against the 22nd Circuit" and other Missouri Defendants. *Id.* at 28–29. She also asserts numerous claims concerning her quiet title actions in Missouri and other allegations related to property in Missouri. *Id.* at 29–53.

Next, she asserts employment-related retaliation and harassment against Ogletree Deakins under the ADA, *id.* at 53–54, and retaliation by various public entities and public employees in Missouri, including the 22nd Circuit, *id.* at 54–63. She also alleges breach of contract and retaliation by Aldi when it gave her a negative employment reference. *Id.* at 63–65. As relief, Staples seeks declaratory and injunctive relief related to the real property, compensatory and punitive damages, and attorney's fees and expenses. *Id.* at 66–67.

## II. DISCUSSION

### A. Venue Is Improper

Staples contends that venue is proper in this district and includes the following allegations in her complaint:

> Venue is proper in this Court under 28 U.S.C. §1391(b) because Defendants Starbucks maintains its principal place of business in the City of Seattle, State of Washington. Venue is also proper under 28 U.S.C. §1391(b) in that Defendant Ogletree Deakins maintains an active law office in the City of Seattle and can be served there. The evidence will show that a significant portion of known and unknown Defendants' actions were directed at employers and governmental entities in the State of Washington.

Dkt. No. 4 at 9.

When a plaintiff asserts multiple claims, she must establish that venue is proper as to each claim. *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1183 (N.D. Cal. 2014). "However,

where venue exists for the principal claim, federal courts will also adjudicate closely related claims, even if there is no independent source of venue for the related claims." *Id.*

The general venue statute, 28 U.S.C. § 1391, governs "all civil actions" brought in U.S. district court "[e]xcept as otherwise provided by law." 28 U.S.C. § 1391(a). Under Section 1391, venue is proper in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). A district court may raise the issue of venue on its own motion. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (affirming sua sponte dismissal for improper venue when the defendant had not waived the defense).[1] To determine the proper venue for 1983 claims, courts apply the general venue statute. *Bazzo v. California*, No. 1:23-cv-01454-KES-SAB (PC), 2025 WL 418087, at *1 (E.D. Cal. Feb. 6, 2025); 28 U.S.C. § 1391(b). The general venue statute also applies to Title VI claims, *see, e.g.*, *Hunter v. Regents of the Univ. of Cal.*, 971 F. Supp. 1316 (C.D. Cal.), and to claims under Title II of the ADA, *Williams v. Joyy, Inc.*, No. 2:25-cv-03351-DC-CKD PS, 2026 WL 145681, at *2 (E.D. Cal. Jan. 20, 2026).[2]

---

[1] Although a defendant can waive venue, *id.* at 1487–88, Defendants here have not waived or otherwise failed to assert the defense.

[2] The Court does not consider which venue provision applies to the federal statutes Staples merely lists in her complaint without providing any allegations or facts to state a claim under those statutes, including "§504 of the Rehabilitation Act of 1975, as amended, 29 U.S.C. §791, et seq."; the "State and Local Fiscal Assistance Act of 1972 ('Revenue Sharing Act'), 31 U.S.C. 6901 et seq., as [] amended;" and the "Violence Against Women Act ('VAWA'), 34 U.S.C. §10101 et seq." Dkt. No. 4 at 3. Staples also lists a claim under Title III of the ADA, *id.*, which prohibits "private entities that open themselves up to the public" from discriminating based on disability in the provision of goods and services. *Langer v. Kiser*, 57 F.4th 1085, 1100 (9th Cir. 2023) (citing 42 U.S.C. § 12182). Staples has not provided any allegations or facts to support a Title III claim under the ADA. Instead, her allegations regarding public accommodations discrimination seem to arise under Title II of the ADA, Dkt. No. 4 at 11, 25–27, which applies to

Here, this district is not the proper venue for Staples' claims that fall under the general venue statute. She does not allege that all Defendants reside in this district. Dkt. No. 4 at 3–9; 28 U.S.C. § 1391(b)(1). Nor does she allege that any of the acts that underlie her claims occurred in this district, much less that a "substantial part of the events or omissions giving rise to [her] claim[s] occurred" in this district. 28 U.S.C. § 1391(b)(2). For example, the real property at issue is in Missouri. Dkt. No. 4 at 12, 29–53. And finally, she has not shown that any Defendant is "subject to the court's personal jurisdiction" with respect to her claims that are subject to the general venue statute. 28 U.S.C. § 1391(b)(3). Accordingly, venue is improper here for her Title VI, ADA Title II, and Section 1983 claims.

Title VII has its own venue statute, providing for venue:

> (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed,
>
> (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or
>
> (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice,
>
> (4) but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.
>
> (5) For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (numbering added). Moreover, "[i]n employment discrimination cases, the ADA venue provisions control rather than the general federal venue statute, even if a non-ADA claim is included." *Kisman v. United Parcel Serv., Inc.*, No. 2:21-CV-03164-AB (Ex), 2021 WL 5016903, at *5 (C.D. Cal. Aug. 13, 2021) (citation modified). Staples does not allege that relevant

---

discrimination by public entities, 42 U.S.C § 12132.

records are located in this district, that she was denied a position here, or that any of the employment-related actions she complains about occurred in this district. Instead, she alleges that she endured such discrimination in Missouri. Dkt. No. 4 at 9–25, 53–54. She also alleges that Starbucks did not hire her for a position in Florida. *Id.* at 12–13, 65. Accordingly, she has not shown that this is the proper venue for her Title VII and ADA claims.

When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may dismiss the case entirely if transferring would not be in the interests of justice. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992). Here, justice would not be served by transferring this case to Missouri, where the actions giving rise to most of the claims occurred, because it would be futile; that forum has already dismissed similar claims against the 22nd Circuit Court, four judges from that court, and various employees of that court. *Doe v. 22nd Cir.*, Dkt. Nos. 4, 5 (E.D. Mo. Apr. 23, 2019); *see also Kaia Foods, Inc.*, 70 F. Supp. 3d at 1184 ("Dismissal, rather than transfer, may be appropriate where the transfer would be futile because the case would be dismissed even after transfer.").

Justice would not be served by transferring this matter for a second reason: Staples has improperly joined her unrelated claims against dozens of Defendants that do not meet the requirements for permissive joinder of parties. That is, her claims regarding her real property, and her various discrimination claims against multiple Defendants spanning decades, do not raise "any question of law or fact common to all defendants[.]" Fed. R. Civ. P. 20(a)(2)(B). Nor does Staples assert "any right to relief" against all Defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[.]" Fed. R. Civ. P. 20(a)(2)(A). As such, her claims are not properly joined. Although the Court could add or drop parties and sever claims, Fed. R. Civ. P. 21, doing so would not fix

the problems identified above. Accordingly, the Court dismisses the complaint rather than transferring it.

**B. Leave to Amend**

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Because Staples is forum shopping to avoid another dismissal of her claims against the Missouri Defendants and venue is improper as to those claims, the Court does not grant her leave to amend her complaint against them. Nor does the Court permit Staples leave to amend her claims against Aldi and Ogletree Deakins, which are clearly time-barred. Dkt. No. 4 at 9–10.

However, it is possible (albeit doubtful) that Staples could establish proper venue for claims against Starbucks, which she contends is headquartered in Washington with its principal place of business in Seattle. Dkt. No. 4 at 4. Because it is not absolutely clear that amendment of the claims against this Defendant would be futile, the Court grants Staples leave to file an amended complaint against Starbucks. In addition, this Order limits Staples to filing an amended complaint that attempts to cure the specific deficiencies identified in this Order. Because Staples asserts claims that date back decades, *see, e.g.*, *id.* at 9 (alleging that she was laid off from Starbucks in 2008), any amended complaint must explain why her claims are not time-barred.

In addition, Staples does not assert that she has exhausted or attempted to exhaust her administrative remedies for her Title VII and ADA claims against Starbucks. *Id.* at 12–13, 65. "Exhausting administrative remedies by filing a timely charge with the EEOC or the appropriate state agency is a statutory pre-requisite for an employee to pursue litigation under Title VII and the ADA." *Dejesus v. United Healthcare Grp.*, No. 2:25-cv-00815-CDS-EJY, 2025 WL 1394283 (D. Nev. May 13, 2025) (citation modified); 42 U.S.C. § 2000e-5(f) (Title VII); 42 U.S.C.

§ 12117(a) (ADA); *see also Vazquez v. Wash. Dep't Veteran Affs.*, 746 F. Supp. 3d 1011, 1024 (W.D. Wash. 2024) (noting that the exhaustion requirement is not jurisdictional and dismissing plaintiff's Title VII claim as unexhausted); *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991)). Accordingly, any amended complaint must also show that she has exhausted her administrative remedies. Staples' amended complaint, should she choose to file one, operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

**III. CONCLUSION**

For the foregoing reasons, the Court DISMISSES Staples' complaint, Dkt. No. 4, with limited leave to amend only as described above. If Staples does not file a proper amended complaint by August 10, 2026, the Court will dismiss this action and close this case.

Dated this 20th day of July, 2026.

Lauren King
United States District Judge