UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIRSTEN A. STAPLES,<br><br>Plaintiff,<br>v.<br><br>STARBUCKS CORPORATION et al.,<br><br>Defendants. | CASE NO. 2:26-cv-01851-LK<br><br>ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT |

This matter comes before the Court on Plaintiff Kirsten Staples' Motion to Alter or Amend Judgment under Rule 59(e) as to Defendant Starbucks Corporation. Dkt. No. 10. For the reasons set forth below, the Court denies the motion.

## I. BACKGROUND

Staples, a resident of Georgia, Dkt. No. 4 at 4, filed a 67-page complaint against approximately 48 unrelated Defendants. Among other claims, Staples asserted claims for employment discrimination by Starbucks under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964, based on events that occurred in 2008 (a layoff) and in 2025 (a non-selection for a position in Florida). *Id.* at 12–13, 65. Additional claims against other

Defendants included employment discrimination and harassment, public accommodation discrimination, retaliation, breach of contract, and numerous claims concerning property in Missouri. *Id.* at 10–53. As relief, Staples sought declaratory and injunctive relief related to the real property, compensatory and punitive damages, and attorney's fees and expenses. *Id.* at 66–67.

On July 20, 2026, the Court issued an order dismissing the complaint based on improper venue. *See generally* Dkt. No. 6. The Court did not grant Staples leave to amend her claims against the Missouri Defendants "[b]ecause Staples is forum shopping to avoid another dismissal of her claims against the Missouri Defendants and venue is improper as to those claims[.]" *Id.* at 7. However, the Court granted Staples leave to amend her complaint and establish proper venue for her claims against Starbucks, which she contended is headquartered in Washington with its principal place of business in Seattle. *Id.* (citing Dkt. No. 4 at 4). The order stated, "If Staples does not file a proper amended complaint by August 10, 2026, the Court will dismiss this action and close this case." *Id.* at 8. Staples did not file a timely amended complaint, and on August 11, 2026, the Court dismissed the case and entered judgment. Dkt. Nos. 7, 8.

On August 30, 2026, Staples filed this motion to alter or amend the judgment. Dkt. No. 10. She subsequently filed a notice of appeal to the Ninth Circuit Court of Appeals. Dkt. No. 12.

## II. DISCUSSION

### A. Legal Standard

Under Rule 59(e), a party may move to have the court amend its judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation modified). In general, a Rule 59(e) motion may be granted:

(1) if such motion is necessary to correct manifest errors of law or fact upon which

> the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)); *see also Carroll*, 342 F.3d at 945 (a Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" (citation omitted)).

A district court retains subject matter jurisdiction to consider a timely Rule 59(e) motion even though a party has filed a notice of appeal. *Tripati v. Henman*, 845 F.2d 205, 205 (9th Cir. 1988); *nSight, Inc. v. PeopleSoft, Inc.*, 296 F. App'x 555, 559 (9th Cir. 2008). Accordingly, Staples' appeal did not divest the Court of jurisdiction to consider this motion.

**B. Relief from the Judgment Is Unwarranted**

Staples notes that she was "emailed notification of the Court's order dated July 20, 2026 that gave [her] until August 10, 2026 to amend her Complaint," but she "did not see the email." Dkt. No. 10 at 2. "She learned about the Court's order to amend on August 11, 2026, the same day her Complaint was dismissed for missing the August 10, 2026 amendment deadline." *Id.* Staples avers that if the judgment stands, her complaint against Starbucks would be time-barred because she "filed her Complaint on the 90th day from her [right to sue] letter[.]" *Id.* She asks the Court to amend its judgment and "reinstate her Starbucks claim as amended." *Id.*

Staples' motion does not identify "manifest errors of law or fact upon which the judgment rests," "present newly discovered or previously unavailable evidence," or assert any "intervening change in controlling law." *Herron*, 634 F.3d at 1111. Nor is amendment necessary to prevent manifest injustice. "The Ninth Circuit has not defined 'manifest injustice' in the context of a Rule

59(e) motion, but district courts in the Circuit have required a showing that the court made an error that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." *Delmore v. Wash. State Dep't of Corr.*, No. 3:21-cv-05625-TMC, 2025 WL 1725140, at *4 (W.D. Wash. June 20, 2025) (citation modified) (collecting cases). That is, "Courts of the Ninth Circuit generally treat 'manifest injustice' as very nearly synonymous with 'clear error[.]'" *Schowachert v. Polley*, No. 1:21-CV-01107-KES-HBK (PC), 2024 WL 3164591, at *2 (E.D. Cal. June 25, 2024) (citation modified).

Staples has not identified any error in the Court's dismissal order, much less a clear error. Instead, Staples' motion is based on her failure to "see the email" notifying her of the Court's Order. Dkt. No. 10 at 2. She does not identify any reason for her weeks-long failure to see the email. As an electronic filer, Staples received same day notice of the Court's order, and she had the opportunity to respond to that order in a timely way. Her own inattention to her case is not manifest injustice. *Mendoza v. Garland*, No. 3:21-cv-01968-JES-MMP, 2023 WL 6050581, at *2 (S.D. Cal. Sept. 15, 2023) (explaining that "mistake or excusable neglect is not a recognizable basis justifying Rule 59(e) reconsideration" (citation modified)); *cf. Munoz v. Benson*, No. 3:24-CV-00048-ART-CLB, 2026 WL 1975700, at *2 (D. Nev. Feb. 6, 2026) (finding manifest injustice where an incarcerated person's case was dismissed for failure to update his address when he "was not on notice that he had to change his address [and] had no meaningful opportunity to do so"); *Fiorito v. Anderson*, No. 5:18-CV-00506-FWS-KES, 2024 WL 3915199, at *3 (C.D. Cal. July 24, 2024) (finding that a dismissal order "'was manifestly unjust' under Rule 59(e) because Plaintiff did not have the opportunity to file objections . . . based on not properly receiving legal mail").

The Court is sympathetic to Staples' contention that the statute of limitations may run on her claim if the judgment stands. Dkt. No. 10 at 2. However, such a result would be due to her own conduct in waiting until the "90th day" to her file her complaint, *id.*, failing to establish venue

here, *see generally* Dkt. No. 6, and then neglecting this case. These are not errors by the Court, and they do not demonstrate manifest injustice. *See, e.g.*, *Delmore*, 2025 WL 1725140, at *4 (requiring a showing that "the court made an error" to find manifest injustice); *Floyd v. Amazon.com Inc.*, No. C22-1599-KKE, 2026 WL 2168591, at *2 (W.D. Wash. July 28, 2026) (declining to find manifest injustice because "whether a not-yet-filed future action would be time-barred in whole or in part calls for speculation"). Accordingly, Staples has not identified any manifest injustice or any other basis for relief from the judgment under Rule 59(e).

## III. CONCLUSION

For the foregoing reasons, Staples' motion, Dkt. No. 10, is DENIED.

Dated this 21st day of September, 2026.

Lauren King
United States District Judge